# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| BROOKE FANTELLI, | CASE NO. 12cv2887-LAB (DHB) |
|---|---|
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Plaintiff Brooke Fantelli asserts five claims against the United States and Bureau of Land Management Rangers arising out of a confrontation in the Imperial County desert during which she was tased. Now before the Court is the government's motion to dismiss Fantelli's third cause of action for failure to supervise and train, which it argues is barred under the Federal Tort Claims Act. This is a jurisdictional challenge under Federal Rule of Civil Procedure 12(b)(1).

**I. Factual Allegations**

On October 22, 2011, Fantelli brought an off-road Datsun pickup truck to the desert with two female models and their photographer for a photo-shoot. Ranger Peter from the Bureau of Land Management approached her and the others and asked for identification. Fantelli is in the process of a gender change, and her driver's license still identified her as a male named Rodd Fantelli. After Ranger Peter confronted Fantelli about this discrepancy,

Fantelli alleges that he became hostile, ultimately returning to his truck but watching Fantelli and the others for over an hour. Fantelli subsequently approached him to ask if he would move along because the models were uncomfortable. Ranger Peter then told Fantelli she was under arrest, and at the same time several Imperial County Sheriff's Deputies arrived. Ranger Peter allegedly drew his stun gun and Fantelli responded by putting her hands in the air. According to Fantelli, Ranger Peter then asked Fantelli to lay on the ground face down, and after Fantelli commented that it was not necessary, he shot her with his stun gun in her abdomen. Fantelli fell to the ground and Ranger Peter allegedly shot her again, this time in her genitals. Ranger Peter handcuffed Fantelli, and Fantelli alleges he ripped out the stun gun probe from her genitals but left the probe in her abdomen.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move to dismiss a complaint for lack of subject matter jurisdiction. As with a motion to dismiss for failure to state a claim under Rule 12(b)(6), all factual allegations are presumed to be true and construed in a light most favorable to the plaintiff. *Doe v. Schachter*, 804 F. Supp. 53, 56-57 (N.D. Cal. 1992). The court will dismiss a complaint "for lack of subject matter jurisdiction if: (1) the claim does not 'arise under' federal law or the Constitution; (2) there is no case or controversy; or (3) the cause of action is not described in any jurisdictional statute." *Id.* at 57.

## III. Discussion

For a plaintiff to bring a claim against the United States, it (meaning Congress) must expressly waive its sovereign immunity. *United States v. Testan*, 424 U.S. 392, 399 (1976). That is what the Federal Tort Claims Act does; the United States is liable for tort claims in the same manner and extent that a private person would be liable. 28 U.S.C. § 2674. However, the FTCA includes several exceptions to this waiver of sovereign immunity, one of which is the discretionary function exception. 28 U.S.C. § 2680. This exception covers any claim "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the government, whether or not the discretion involved be abused." A claim survives a motion

to dismiss for lack of subject matter jurisdiction only if it falls "facially outside the discretionary function exception." *Doe v. Holy See*, 557 F.3d 1066, 1084 (9th Cir. 2009).

Courts apply a two-step test to determine whether the discretionary function exception applies in a given case. *Nurse v. United Stated*, 226 F.3d 996, 1001 (9th Cir. 2000). First, the challenged conduct must involve "an element of judgment or choice." *Berkovitz v United States*, 486 U.S. 531, 536 (1988). If there is a required statute, rule, or regulation that governs the conduct, then there is no such element. *Tonelli v. U.S.*, 60 F.3d 492, 496 (8th Cir. 1995) (citing *Berkovitz*, 486 U.S. at 536)). Second, the conduct involving an element of judgment or choice is protected if it pertains to "social, economic, and political policy." *U.S. v. Varig Airlines*, 467 U.S. 797, 814 (1984). Courts have held that Congress intended the discretionary function exception to protect decisions pertaining to the hiring, training, and supervising of employees, because that conduct implicates policy considerations. *See Vickers v. U.S.*, 228 F.3d 944, 950 (9th Cir.2000) (citing cases). Applying these two factors, Fantelli has not brought a claim that is facially outside of the discretionary function exception, and thus consented to by the United States under the FTCA.

First, Fantelli has not cited any statute, rule, or regulation that applies to the government's conduct. Fantelli instead argues that the government failed to supervise or train its employees in respecting arrestees' constitutional rights. That argument fails. The Constitution does not tell the government how to supervise and train its employees. In fact, this Court held just that and granted an identical motion to dismiss in a recent case. *See Gourge v. U.S.*, Case No. 12-CV-1490, 2013 WL 1797099 at *2-3 (S.D.Cal. Apr. 29, 2013). It held that since there was no specific mandate for the training and supervision of its employees, the conduct involved an element of judgment and thus fell within the discretionary function exception of the FTCA.

Second, the government's training and supervising of its employees is a matter of policy, and one that Congress envisioned would be protected by the discretionary function exception. *See Gager v. U.S.*, 149 F.3d 918, 920-22 (9th Cir.1998). Since the cause of

//

action falls "squarely within the discretionary function exception," then, the claim is barred. *Nurse*, 226 F.3d at 1001-02.

In her opposition, Fantelli cites two cases that found employees of various United States agencies liable under 42 U.S.C. § 1983. But those cases were brought against employees of various United States agencies under *Bivens*, and therefore miss the mark. Furthermore, in her opposition brief, Fantelli asserts that the "cause of action is not an FTCA cause of action" but instead "based on a constitutional deprivation." Be that as it may, a deprivation of constitutional rights is still a tort, and Fantelli can only sue the United States for one under the Federal Tort Claims Act.

**IV. Conclusion**

The Court lacks subject matter jurisdiction over Fantelli's claim against the government for failure to supervise or train. It is covered by the discretionary function exception of the FTCA. For the reasons set forth above, the government's motion to dismiss Fantelli's third cause of action against the United States for failure to supervise or train is **GRANTED**.

**IT IS SO ORDERED**.

DATED:

**HONORABLE LARRY ALAN BURNS**
United States District Judge

- 4 -