1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15
16

| | |
|---|---|
| BROOKE FANTELLI,<br><br>                                    Plaintiff,<br><br>    vs.<br><br>UNITED STATES OF AMERICA, et al.<br><br>                                    Defendants. | CASE NO. 12cv2887-LAB (DHB)<br><br>**ORDER GRANTING PARTIES'<br>JOINT MOTIONS TO WITHDRAW<br>DEFENDANTS' MOTION TO<br>DISMISS AND AMEND ANSWERS**<br><br>[Docket nos. 46 & 48] |

17
18
19
20
21
22
23

        On August 1, 2014, Defendant United States of America filed a motion to dismiss Fantelli's Federal Tort Claims Act claims for failure to exhaust administrative remedies. (Docket no. 32.) On October 13, 2014, Fantelli's response in opposition provided evidence that Fantelli timely and properly exhausted her administrative remedies. (Docket no. 42; *see also* Docket no. 47, Douglas Decl.) As a result, the parties filed a joint motion to withdraw the motion to dismiss. (Docket no. 48.) Also before the Court is the parties' joint motion to give Defendant Peters leave to amend his answer, filed October 17, 2014. (Docket no. 46.)

24

## I.      Motion to Withdraw

25
26
27
28

        Defendants filed a Rule 12(b)(1) motion to dismiss the action for lack of jurisdiction on the belief that Fantelli did not comply with the FTCA's exhaustion requirement under 28 U.S.C. § 2675(a). (Docket no. 32.) But the parties now agree that Fantelli did comply. (*See* Docket no. 48.) Based on the evidence that Plaintiff timely exhausted her administrative

remedies, the jurisdictional issue before the court is now settled.   The Court therefore **GRANTS** the joint motion to withdraw the pending motion to dismiss.

## II.    Motion to Amend

The parties jointly move to allow Peters leave to amend his answer to assert additional affirmative defenses under Federal Rule of Civil Procedure 15.  Rule 15 states that leave to amend should be freely given "when justice so requires," and Peters easily meets that low threshold.  *See* Fed. R. Civ. P. 15(a)(2).  But because this joint motion to amend comes after the Court-ordered deadline to amend pleadings has passed, (*see* Docket no. 25, Scheduling Ord. at 1), there is also Rule 16's higher threshold to consider.  *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) ("Generally, Federal Rule of Civil Procedure 15(a) liberally allows for amendments to pleadings.  In this case, however, the district court correctly found that it should address the issue under Federal Rule of Civil Procedure 16 because it had filed a pretrial scheduling order that established a timetable for amending the pleadings . . . ."); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 608–09 (9th Cir. 1992) ("Once the district court had filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amended pleadings, that rule's standards controlled.").  Under Rule 16, "a schedule may be modified only for good cause."  Fed. R. Civ. P. 16(b)(4).

The joint motion to amend does not appear to be driven by bad faith, to prejudice another party, or to cause delay, and neither Fantelli nor the United States argue otherwise.  In fact, they have joined Peters's request.  Because Peters would be adding affirmative defenses that would have be waived if not asserted in the answer to a complaint, Peters has good cause to seek amendment, even at this late stage.  *See* Fed. R. Civ. P. 8(c).  Accordingly, the parties satisfy Rule 16's higher threshold.

///

///

///

///

12cv2887

The Court **GRANTS** the joint motion for Peters to amend his answer.  Rather than leave it as an attachment to the joint motion, Peters should file it as a separate entry in the case docket.  Peters must file his amended answer within **seven days** of the date of this order.  All dates in the Scheduling Order remain in effect.

**IT IS SO ORDERED**.

DATED:  November 3, 2014

**HONORABLE LARRY ALAN BURNS**
United States District Judge

12cv2887