UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROOKE FANTELLI,<br><br>                Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>                Defendants. | Civil No.   12-cv-2887-LAB (DHB)<br><br>**ORDER GRANTING JOINT MOTION IN PART AND AMENDING SCHEDULING ORDER**<br><br>**[ECF No. 49]** |

On November 3, 2014, the parties filed a Joint Motion for Order Rescheduling All Dates. (ECF No. 49.)  The parties request that all dates in the current Scheduling Order be rescheduled in light of the parties's joint request to withdraw the United States' pending motion to dismiss.  The Court finds it is appropriate to issue an Amended Scheduling Order.  However, the Court does not find good cause has been shown to extend the dates for the length of time proposed by the parties.  Accordingly, the Court **GRANTS IN PART** the parties' Joint Motion. IT IS HEREBY ORDERED that the May 7, 2014 Scheduling Order (ECF No. 29) is amended as follows:

1. All expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be served on all parties on or before **January 23, 2015**.  Any contradictory or rebuttal information shall be disclosed on or before **February 13, 2015.**  In addition, Fed. R. Civ. P. 26(e)(1) imposes a duty on the parties to supplement the expert disclosures made pursuant to Fed. R. Civ. P. 26(a)(2)(B) by the time that pretrial disclosures are due under Fed. R. Civ. P.

26(a)(3) (discussed below).  This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

2. All discovery shall be completed by all parties on or before **March 6, 2015**. "Completed" means that all discovery must be initiated a sufficient period of time in advance of the cutoff date, so that it may be completed by the cutoff date, taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure.  The Court's procedures for resolving discovery disputes are set forth in Judge Bartick's Chambers Rules, which are posted on the Court's website.

3. All motions, other than motions to amend or join parties, or motions in limine, shall be filed on or before **April 3, 2015**.[1]  Motions will not be heard or calendared unless counsel for the moving party has obtained a motion hearing date from the law clerk of the judge who will hear the motion.  **Be advised that the period of time between the date you request a motion date and the hearing date may be up to six weeks.  Please plan accordingly**.  Failure of counsel to timely request a motion date may result in the motion not being heard.

Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of the judge who will hear the motion.  No reply memorandum shall exceed ten (10) pages without such leave of court.

4. A Mandatory Settlement Conference shall be conducted on **May 18, 2015** at **10:00 a.m.** in the chambers of Magistrate Judge Bartick.  Counsel shall submit settlement statements **directly** to Magistrate Judge Bartick's chambers no later than **May

---

[1] Counsel should note that while historically motion cutoff deadlines issued by this Court were deadlines for motion hearings, the motion cutoff dates now being issued establish deadlines for the parties to file motions.

**11, 2015**.[2]  The parties may either submit confidential settlement statements or may exchange their settlement statements.  Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference.  **The settlement conference briefs shall not be filed with the Clerk of the Court.**

**All named parties, all counsel, and any other person(s) whose authority is required to negotiate and enter into settlement shall appear <u>in person</u> at the conference**.  The individual(s) present at the Mandatory Settlement Conference with settlement authority must have the unfettered discretion and authority on behalf of the party to:  1) fully explore all settlement options and to agree during the Mandatory Settlement Conference to any settlement terms acceptable to the party (*G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989)), 2) change the settlement position of a party during the course of the Mandatory Settlement Conference (*Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003)), and 3) negotiate a settlement without being restricted by any predetermined level of authority (*Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 596 (8th Cir. 2001)).

Governmental entities may appear through litigation counsel only.  As to all other parties, appearance by litigation counsel only is <u>not</u> acceptable.  Retained outside corporate counsel <u>shall not</u> appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement.  **The failure of any counsel, party or authorized person to appear at the Mandatory Settlement Conference as required will result in the immediate imposition of sanctions.**  All conference discussions will be informal, off the record, privileged, and confidential.

---

[2] Statements under 20 pages in length, including attachments and exhibits, may be delivered directly to chambers, e-mailed to efile_Bartick@casd.uscourts.gov, or faxed to (619) 702-9925.  Statements exceeding 20 pages in length, including attachments and exhibits, must be delivered directly to chambers.

5. The parties must comply with the pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3) on or before **June 8, 2015**. **Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

6. Despite the requirements of Local Rule 16.1.f.2, neither party is required to file a Memorandum of Contentions of Fact and Law at any time. The parties shall instead focus their efforts on drafting and submitting a proposed pretrial order by the time and date specified by Local Rule 16.1.f.6.b. The proposed pretrial order shall comply with Local Rule 16.1.f.6 and the Standing Order in Civil Cases issued by the Honorable Larry Alan Burns.

7. Counsel shall confer and take the action required by Local Rule 16.1.f.4.a on or before **June 15, 2015**.

8. Counsel for the Plaintiff must provide opposing counsel with the proposed pretrial order for review and approval and take any other action required by Local Rule 16.1.f.6.a on or before **June 22, 2015**.

9. Written objections, if any, to any party's Fed. R. Civ. P. 26(a)(3) pretrial disclosures shall be filed and served on or before **June 22, 2015**. **Please be advised that the failure to file written objections to a party's pretrial disclosures may result in the waiver of such objections, with the exception of those made pursuant to Rules 402 (relevance) and 403 (prejudice, confusion or waste of time) of the Federal Rules of Evidence.**

10. The Pretrial Order shall be lodged with the district judge's chambers on or before **June 29, 2015** and shall be in the form prescribed in Local Rule 16.1.f.6.

11. The final Pretrial Conference is scheduled in the chambers of the Honorable Larry Alan Burns on **July 6, 2015** at **12:00 p.m.** The trial date will be assigned by Judge Burns at the pretrial conference.

15. The dates and times set forth herein will not be modified except for good

1 | cause shown.

2 | **IT IS SO ORDERED.**

3 | DATED:  November 4, 2014

DAVID H. BARTICK
United States Magistrate Judge